UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IRISHA SHALLE RICHARDSON,<br><br>    Petitioner,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | Case No. C13-373RSL<br><br>ORDER GRANTING IN PART AND DENYING IN PART MOTION REGARDING WAIVER OF ATTORNEY-CLIENT PRIVILEGE AND FOR ADDITIONAL TIME TO FILE ANSWER |

**I. INTRODUCTION**

This matter comes before the Court on the "Government's Third Motion Regarding Waiver of Attorney-Client Privilege and Request for Additional Time to Answer Petitioner's 28 U.S.C. § 2255 Motion," Dkt. # 18. The government seeks an order compelling Petitioner's former counsel to produce all documents, including letters, e-mails, billing records and case logs, related to Petitioner's claims in her motion for relief under 28 U.S.C. § 2255 ("§ 2255 motion"). Id. at 1. Having considered the parties' memoranda and supporting documents, and the remainder of the records, the Court finds the following:

ORDER GRANTING IN PART AND DENYING IN PART
MOTION REGARDING WAIVER OF ATTORNEY-CLIENT
PRIVILEGE AND FOR ADDITIONAL TIME TO FILE ANSWER - 1

## II.  BACKGROUND

In her § 2255 motion, Petitioner asks the Court to vacate her sentence on grounds of ineffective assistance of counsel and disproportionate sentencing.  Dkt. # 1 at 14-16. She alleges that her former counsel, Michele Shaw, was ineffective based on her lack of experience in federal law; (2) failure to inform her of her appeal rights; (3) failure to negotiate a sentencing range with the government; and (4) failure to obtain and present helpful evidence and arguments during the sentencing phase of her case.  Id.  With respect to this last claim, Petitioner claims that Ms. Shaw's performance was deficient because she did not present evidence at sentencing regarding the timing of her involvement in the conspiracy, her role in the conspiracy, or her financial status during the conspiracy.  Id.

On June 13, 2013, the Court found that by asserting claims of ineffective assistance of counsel, Petitioner waived the attorney-client privilege related to these claims.  Dkt. # 11.  The Court subsequently entered an order directing Ms. Shaw to participate in a limited interview with the government.  Dkt. # 15 at 2.  The Court appointed David Bukey to provide limited representation of Petitioner for purposes of the interview only.  Id.  This interview took place on January 16, 2014.  Dkt. # 21 ¶ 3-4. The government now asks the Court to compel Ms. Shaw to produce all documents related to Petitioner's claims in her § 2255 motion.

## III.  DISCUSSION

### A.  The Government's Request for Discovery

It is well settled Ninth Circuit law that "where a habeas petitioner raises a claim of ineffective assistance of counsel, he waives the attorney–client privilege as to all communications with his allegedly ineffective lawyer."  Bittaker v. Woodford, 331 F.3d 715, 716 (9th Cir. 2003).  The scope of the waiver is determined by the particular claims

ORDER GRANTING IN PART AND DENYING IN PART
MOTION REGARDING WAIVER OF ATTORNEY-CLIENT
PRIVILEGE AND FOR ADDITIONAL TIME TO FILE ANSWER - 2

raised in the petition. The implicit waiver of the attorney-client privilege, however, is not unlimited. When faced with a motion for post-conviction relief based on a claim of ineffective assistance of counsel, a court should grant a waiver no broader than necessary to enable the opposing party to respond to the specific allegations presented in the motion. Id. at 720. Thus, a court may impose limitations and conditions regarding the information to be disclosed. Id. at 721.

Although the Ninth Circuit in Bittaker held, and this Court also found, that a claim based on ineffective assistance of counsel impliedly waives the attorney-client privilege with respect to the particular claims alleged by a petitioner, it does not follow that discovery of all communications between a petitioner and her former attorney is automatic. In Section 2255 proceedings, a party is not automatically entitled to discovery; rather a party requesting discovery must show good cause. Rule 6(a), Rules Governing § 2255 Proceedings for the United States District Courts. Furthermore, "[a] party requesting discovery must provide reasons for the request. The request must also include any proposed interrogatories and requests for admissions, and must specify any requested documents." Rule 6(b), Rules Governing § 2255 Proceedings for the United States District Courts.

Although the government has not formally requested discovery, it asks this Court to issue an order directing Petitioner's former counsel to produce all documents in her possession related to the allegations in Petitioner's § 2255 motion. Dkt. # 18 at 2. The Court previously found a limited waiver of the attorney-client privilege as to specific issues raised by Petitioner's claims of ineffective assistance of counsel, dkt. # 11; dkt. # 15, but the scope of the waiver is not as broad as the government's request implies. The government's broad request lacks the requisite specificity contemplated by the Rules Governing § 2255 Proceedings, and does not appear to comply with the limitations set

1  forth in <u>Bittaker</u>.  Thus, the Court declines to grant the government's request at this
2  time.  If the government wishes to conduct formal discovery to obtain specific
3  documents that are necessary to respond to specific allegations in Petitioner's § 2255
4  motion, it must comply with the requirements of Rule 6 of the Rules Governing Section
5  2255 Proceedings.

**B.  The Government's Request for Additional Time**

6  The government seeks additional time to file its Answer to Petitioner's § 2255
7  motion to ensure that it has sufficient time to review the discovery requested before
8  answering.  Dkt. # 18 at 2-3.  Despite the Court's decision to deny the government's
9  motion to compel the production of documents, the Court finds good cause to extend the
10 deadline for the government to file its Answer to Petitioner's § 2255 motion.  However,
11 the Court finds that a sixty-day continuance is unnecessarily long.  The government may
12 file its Answer to Petitioner's § 2255 motion on or before Monday, March 31, 2014.  On
13 the face of its Answer, the government shall note this matter for the fourth Friday
14 following the date on which the Answer is filed.  Petitioner may file and serve a Reply
15 to the Answer no later than the noting date.

## IV.  CONCLUSION

For all of the foregoing reasons, the "Government's Third Motion Regarding Waiver of Attorney-Client Privilege and Request for Additional Time to Answer Petitioner's 28 U.S.C. § 2255 Motion" (Dkt. # 18) is GRANTED IN PART and DENIED IN PART.  The government's motion regarding waiver of attorney-client privilege is DENIED without prejudice.  The government's request for additional time to file an Answer to Petitioner's § 2255 motion is GRANTED IN PART.

DATED this 24th day of February, 2014.

ORDER GRANTING IN PART AND DENYING IN PART
MOTION REGARDING WAIVER OF ATTORNEY-CLIENT
PRIVILEGE AND FOR ADDITIONAL TIME TO FILE ANSWER - 4

1

2

3    *[signature]*
     Robert S. Lasnik
4    United States District Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26   ORDER GRANTING IN PART AND DENYING IN PART
     MOTION REGARDING WAIVER OF ATTORNEY-CLIENT
     PRIVILEGE AND FOR ADDITIONAL TIME TO FILE ANSWER - 5