1

2

3

4

5

6

7

8

9

10

11

12

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

IRISHA SHALLE RICHARDSON,

              Petitioner,

    v.

UNITED STATES OF AMERICA,

              Respondent.

Case No.  C13-373RSL

ORDER DENYING MOTION
TO VACATE, SET ASIDE, OR
CORRECT SENTENCE
UNDER 28 U.S.C. § 2255

13

14

15

16

17

18

19

20

21

22

23

24

25

26

## I.  INTRODUCTION

This matter comes before the Court on the Petitioner Irisha Shalle Richardson's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255.  Dkt. # 1.[1] Petitioner seeks a 24-month reduction of the 78-month sentence imposed after she pleaded guilty to conspiracy to import N-benzylpiperazine ("BZP").  Id. at 16.  She does not challenge her conviction or the remainder of her sentence.  Having considered the memoranda and the exhibits submitted by the parties, the Court finds as follows:

## II.  BACKGROUND

Petitioner was arrested on April 21, 2011, and charged with conspiracy to import BZP in violation of 21 U.S.C. §§ 952(a), 960(a)(1), 960(b)(3), and 963.  CR 36.  On

---

[1] "Dkt." refers to docket entries in Petitioner's § 2255 case, C13-373.  "CR" refers to docket entries in the underlying criminal case, CR11-246-RSL.

ORDER DENYING MOTION TO VACATE,
SET ASIDE, OR CORRECT SENTENCE
UNDER 28 U.S.C. § 2255 - 1

August 12, 2011, Petitioner pleaded guilty during a change of plea hearing before United States Magistrate Judge Brian A. Tsuchida pursuant to Fed. R. Crim. P. ("Rule") 11. CR 44. By executing the plea agreement, Petitioner acknowledged that she was involved in a conspiracy to smuggle illegal narcotics into the U.S. from Vancouver, Canada. Dkt. # 24-2 ¶ 7. She also acknowledged that during the course of the conspiracy, she recruited a few people to assist with the smuggling operation. Id. ¶¶ 7(j)-(n).

During the change of plea hearing, Judge Tsuchida reviewed the entire plea agreement with Petitioner. Dkt. # 24-7. Petitioner explained that she understood the crime to which she was pleading guilty, the maximum sentence she could receive for the conviction, and the rights that she was giving up by pleading guilty. Id. at 6-8. She also indicated that she agreed that certain enhancements and reductions to her base offense level would apply for purposes of determining the appropriate sentencing range under the United States Sentencing Guidelines Manual ("Guidelines"). Id. at 15. Petitioner agreed with the statement of facts set forth in the plea agreement, indicated that her decision to plead guilty was voluntary, and informed the Court that she was pleading guilty because she committed the crime identified in the plea agreement. Id. at 8-13, 18. Finally, Petitioner agreed that if the Court imposed a sentence within or below the Guidelines range, her right to appeal would be waived. Id. at 17.[2] Based on these representations, Judge Tsuchida found Petitioner's decision to enter a guilty plea was knowing, voluntary, and intelligent. Id. at 20. This Court accepted Petitioner's guilty

---

[2] The plea agreement provides that if the Court imposes a sentence within or below the Guidelines range determined at the time of sentencing, "Defendant waives to the full extent of the law: a) [a]ny right conferred by Title 18, United States Code, Section 3742 to appeal the sentencing, including any restitution order imposed; and b) [a]ny right to bring a collateral attack against the conviction and sentence, including any restitution order imposed, except as it may relate to the effectiveness of legal representation." Dkt. # 24-2 at 16.

ORDER DENYING MOTION TO VACATE,
SET ASIDE, OR CORRECT SENTENCE
UNDER 28 U.S.C. § 2255 - 2

1  plea on August 30, 2011.  CR 49.

2          During the sentencing hearing on March 2, 2012, the Court found that under the

3  Guidelines, Petitioner had an offense level of 32.  Dkt. # 24-4 at 31.  With a criminal

4  history category I, the resulting Guidelines range was 121-151 months of imprisonment.

5  Id.  Petitioner was sentenced to 78 months of imprisonment followed by three years of

6  supervised release.  CR 116 at 2-3.  Petitioner did not appeal and timely filed a motion

7  to vacate, set aside or correct her sentence under 28 U.S.C. 2255.

## III.  DISCUSSION

8  **A.  Ineffective Assistance of Counsel**

9          In her § 2255 motion, Petitioner asks the Court to vacate her sentence on grounds

10  of ineffective assistance of counsel and disproportionate sentencing.  Dkt. # 1 at 14-16.

11  She alleges that her former counsel, Michele Shaw, was ineffective due to her lack of

12  experience in federal law; (2) her failure to inform Petitioner of her appeal rights; (3) her

13  failure to negotiate a sentencing range with the government; and (4) her failure to obtain

14  and present helpful evidence and arguments during the sentencing phase of her case.

15  Id.

16          To succeed on a claim of ineffective assistance of counsel, Petitioner must show

17  that counsel's performance was (1) deficient and (2) prejudicial to the defense.

18  Strickland v. Washington, 466 U.S. 668, 687 (1984).  She must overcome a strong

19  presumption that "the challenged action might be considered sound trial strategy."  Id. at

20  689 (internal quotation marks and citation omitted).

21          To meet the first requirement, objectively unreasonable performance, a convicted

22  defendant must point to specific acts or omissions by counsel that she believes not to be

23  the product of sound professional judgment.  Id. at 690.  To satisfy the second

24  requirement, prejudice, a petitioner must show that "there is a reasonable probability

25
26  ORDER DENYING MOTION TO VACATE,
    SET ASIDE, OR CORRECT SENTENCE
    UNDER 28 U.S.C. § 2255 - 3

that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.  This requires "a probability sufficient to undermine confidence in the outcome." Id.  The Court's focus is on the fundamental fairness of the proceeding. Id. at 696.  If Petitioner fails to meet one requirement, the Court need not analyze whether the other requirement is satisfied. Id. at 697.

### 1.  Lack of Experience

Petitioner contends that Ms. Shaw's performance fell below an objectively reasonable standard because she lacked experience in federal law. Dkt. # 1 at 14.  She alleges that had Ms. Shaw had more experience working in the federal criminal system, rather than the state criminal system, her sentence would have been lower. See id.  Contrary to Petitioner's allegation, Ms. Shaw had ample experience practicing in federal court at the time she represented Petitioner.  Although Ms. Shaw's career has included criminal defense work in state court, she has represented clients and participated in approximately 90 federal criminal cases in which the crimes charged have ranged from drug distribution to human trafficking and identity theft. Dkt. # 24-6 ¶ 1.  She was appointed to the Criminal Justice Act panel in this district in 2003 and has continued to represent clients and witnesses in federal criminal proceedings since that time. Id.

Petitioner has not identified any specific instances or omissions that she contends were deficient due to Ms. Shaw's alleged inexperience and therefore, she has not established the first prong of the Strickland test.  Furthermore, she has not identified any manner in which she was prejudiced by any alleged lack of experience.  Because Petitioner fails to satisfy either requirement under Strickland, her claim of ineffective assistance of counsel based on Ms. Shaw's alleged lack of federal criminal experience cannot succeed.

ORDER DENYING MOTION TO VACATE,
SET ASIDE, OR CORRECT SENTENCE
UNDER 28 U.S.C. § 2255 - 4

### 2. Failure to Inform Petitioner of Appeal Rights

Petitioner's claim that she received ineffective assistance based on Ms. Shaw's failure to explain her appeal rights lacks merit.  First, Ms. Shaw's declaration makes clear that she discussed the waiver of appeal contained in the plea agreement, both before Petitioner pleaded guilty and after her sentence was imposed.  Dkt. # 24-6 ¶ 6. Second, during the change of plea hearing, Judge Tsuchida explained that if the Court imposed a sentence within or below the Guidelines range, her right to appeal would be waived.  Dkt. # 24-7 at 17.  Petitioner agreed that the plea agreement contained a waiver of appeal rights and she informed Judge Tsuchida that she reviewed that portion of the agreement with Ms. Shaw.  Id.  Therefore, even if Ms. Shaw did not discuss the waiver, Petitioner cannot demonstrate actual prejudice because the written plea agreement and Judge Tsuchida's questioning of her informed her of the extent of her appeal rights. Womack v. Del Papa, 497 F.3d 998, 1003 (9th Cir. 2007) ("Even if [Petitioner's] counsel's performance were somehow deemed ineffective, [Petitioner] was not prejudiced by his counsel's prediction because the plea agreement and the state district court's plea canvass alerted [Petitioner] to the potential consequences of his guilty plea.").

### 3. Failure to Negotiate Sentencing Range

Next, Petitioner alleges that Ms. Shaw's failure to negotiate a sentencing range with the government amounts to ineffective assistance of counsel.  Had Ms. Shaw negotiated with the government, Petitioner contends, she would have received a lower sentence.  Dkt. # 1 at 14.  Ms. Shaw states that she did negotiate with the government regarding Petitioner's total offense level and the applicable Guidelines range, dkt. # 24-6 ¶ 7, but even if she did not, Petitioner has not demonstrated actual prejudice resulting from this alleged inaction.  Even though the Guidelines range was 121-151 months of

ORDER DENYING MOTION TO VACATE,
SET ASIDE, OR CORRECT SENTENCE
UNDER 28 U.S.C. § 2255 - 5

imprisonment, the Court imposed a sentence far less than that, 78 months of imprisonment.  Dkt. # 24-4 at 33-34.

In addition, by signing the plea agreement Petitioner acknowledged that the Court, not the government or her counsel, would determine the appropriate sentencing range under the Guidelines and it was not bound by any recommendation offered by the parties.  Dkt. # 24-2 ¶¶ 5(a)-(c).  Because the Court was not bound by any agreement of the parties regarding the Guidelines range in this case, it is not likely that the result would have been different had Ms. Shaw engaged in sentencing negotiations with the government.

### 4.  Failure to Obtain and Present Helpful Evidence

Petitioner's final claim of ineffective assistance of counsel is based on her allegation that counsel failed to obtain and present helpful evidence at sentencing. Specifically, she argues that Ms. Shaw (1) failed to hire a clinical psychologist and private investigator to bolster her case at sentencing; (2) failed to present evidence reflecting the timing of her involvement in the conspiracy, including a statement from her co-conspirator, James Riggins, and border crossing records; (3) failed to present evidence that she did not profit from the conspiracy, including a statement from her grandmother and records of her eviction proceeding; and (4) failed to present evidence rebutting the claim that she recruited others to help in the conspiracy.  The Court addresses each argument in turn.

With respect to Petitioner's first contention, that counsel was ineffective for failing to retain a clinical psychologist and private investigator, Petitioner has not shown actual prejudice as a result of those alleged failures.  She has not identified any specific information that she believes would have been uncovered or whether that information would have assisted her at sentencing.  Dkt. # 1 at 1.  Thus, she has not demonstrated a

ORDER DENYING MOTION TO VACATE,
SET ASIDE, OR CORRECT SENTENCE
UNDER 28 U.S.C. § 2255 - 6

1   reasonable probability that she would have received a lower sentence had Ms. Shaw

2   obtained and presented information using these resources.  <u>Strickland</u>, 466 U.S. at 693

3   ("It is not enough for the defendant to show that the errors had some conceivable effect

4   on the outcome of the proceeding.").  Furthermore, Ms. Shaw explains in her declaration

5   that she made the strategic decision not to retain a psychologist because she did not

6   believe such an expert would assist in presenting mitigating arguments. Dkt. # 24-6 ¶ 8.

7   The Court concludes that Ms. Shaw's decisions were the result of sound strategy that

8   deserve a high measure of deference.  <u>See</u> <u>Turner v. Calderon</u>, 281 F.3d 851, 876 (9th

9   Cir. 2002) ("The choice of what type of expert to use is one of trial strategy and

    deserves 'a heavy measure of deference.' ") (quoting <u>Strickland</u>, 466 U.S. at 691).

10          Turning to Petitioner's argument that Ms. Shaw was ineffective because she did

11  not present evidence reflecting the timing of her involvement, this argument lacks merit.

12  Contrary to Petitioner's allegations, Ms. Shaw argued both in her sentencing

13  memorandum and at the hearing that Petitioner became involved after Mr. Riggins, her

14  co-conspirator, was arrested and long after her other co-conspirator, Roderick Vanga,

15  became involved in the conspiracy.  Dkt. # 24-3 at 3, 5; Dkt. # 24-4 at 15-16.  In

16  addition, Ms. Shaw decided that presenting the actual records of Petitioner's border

17  crossings and a statement from Mr. Riggins about the timing of her involvement would

18  have less of an effect on Petitioner's sentence than evidence and arguments related to

19  the extent of her involvement. Dkt. # 24-6 ¶ 9.  Consistent with this approach, Ms.

20  Shaw pointed to the border crossing records during the sentencing hearing to show the

21  limited extent of Petitioner's involvement in the conspiracy in comparison to that of her

22  co-conspirators. Dkt. # 24-4 at 15-16.  As these were sound strategic decisions, the

23  Court finds that Ms. Shaw's choices did not fall outside the realm of professional,

24  competent assistance.

25

26  ORDER DENYING MOTION TO VACATE,
    SET ASIDE, OR CORRECT SENTENCE
    UNDER 28 U.S.C. § 2255 - 7

1    Petitioner also contends that Ms. Shaw's assistance was ineffective because she

2   failed to argue or present evidence of Petitioner's dire financial circumstances and

3   evidence that she did not profit from the conspiracy.  Dkt. # 1 at 15-16.  The record in

4   this case, however, shows that Ms. Shaw did in fact argue vigorously that Petitioner did

5   not profit from the conspiracy or live a lavish lifestyle as suggested by the government.

6   Dkt. # 24-3 at 2.  Although Petitioner enjoyed a luxurious lifestyle for a limited time as

7   her co-conspirator's girlfriend, Ms. Shaw argued, she quickly returned to a life of

8   financial hardship as a single mother without any access to the money earned during the

9   conspiracy.  Dkt. # 24-4 at 16-17, 22.  As for Ms. Shaw's alleged failure to obtain a

10   statement from Petitioner's grandmother, the choice was a conscious decision based on

11   Ms. Shaw's conversations with Petitioner's grandmother.  Because Petitioner's

12   grandmother made several negative statements about Petitioner and appeared somewhat

13   supportive of her co-conspirator, Ms. Shaw determined that a statement would do little,

14   if anything, to help Petitioner and may in fact harm her.  Petitioner has therefore failed

15   to demonstrate that Ms. Shaw's performance was deficient in this respect and her

16   ineffective assistance of counsel claim based on Ms. Shaw's alleged failure to present

17   evidence of her financial circumstances cannot succeed.

18    Finally, Petitioner's claim of ineffective assistance based on Ms. Shaw's alleged

19   failure to rebut the government's argument that she recruited others to participate in the

20   conspiracy is not supported by the evidence.  First, Ms. Shaw argued repeatedly, in

21   Petitioner's sentencing memorandum and during the sentencing hearing, that Petitioner

22   did not recruit anyone.  Dkt. # 24-4 at 15.  She emphasized that Petitioner acted only at

23   the direction of her co-conspirator.  Id.  In the sentencing memorandum, Ms. Shaw

24   explained that Petitioner "did not prey on vulnerable adults to assist her."  Dkt. # 24-3 at

25   17.  According to the sentencing memorandum, Petitioner's co-defendants "all made a

26   ORDER DENYING MOTION TO VACATE,
SET ASIDE, OR CORRECT SENTENCE
UNDER 28 U.S.C. § 2255 - 8

choice.  They all knew the activity was illegal, but chose to take the risk for financial gain."  Id.  Thus, her claim that Ms. Shaw did not attempt to rebut the government's position lacks merit.

Furthermore, even if Ms. Shaw had not argued that Petitioner did not recruit anyone, this decision would not have been unreasonable.  In the plea agreement that Petitioner signed, she acknowledged and agreed that she approached individuals and asked if they would be willing to work as couriers for the conspiracy.  Dkt. # 24-2 ¶¶ 7(m)-(n).  Because Petitioner agreed that she sought the assistance of other people and brought them into the conspiracy, id.; dkt. # 24-7 at 12-14, there was a limited basis for Ms. Shaw to contest that fact.  See Shah v. United States, 878 F.2d 1156, 1162 (9th Cir. 1989) ("The failure to raise a meritless legal argument does not constitute ineffective assistance of counsel.") (quotations omitted).

**B. Substantive Claims**

In addition to raising claims of ineffective assistance of counsel, Petitioner seeks to vacate and amend her sentence on the grounds that she was the victim of disproportionate sentencing decisions.  Dkt. # 1 at 14.  However, under the terms of the plea agreement, Petitioner waived "any right to bring a collateral attack against the conviction and sentence, including any restitution order imposed, except as it may relate to the effectiveness of legal representation."  Dkt. # 24-2 ¶ 16(b).  Petitioner acknowledged and agreed to this waiver during the change of plea hearing, dkt. # 24-7 at 17, and she does not challenge the knowing and voluntary nature of her agreement.  Thus, this waiver is valid and enforceable and the Court has not considered Petitioner's claims regarding disproportionate sentencing.  United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1993).

ORDER DENYING MOTION TO VACATE,
SET ASIDE, OR CORRECT SENTENCE
UNDER 28 U.S.C. § 2255 - 9

**C. Evidentiary Hearing**

Ninth Circuit law does not require an evidentiary hearing on a motion to vacate under § 2255 if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." United States v. Moore, 921 F.2d 207, 211 (9th Cir. 1990). Generally, an evidentiary hearing is required if the motion is based on matters outside the record or events outside the courtroom. United States v. Burrows, 872 F.2d 915, 917 (9th Cir. 1989). However, "[m]erely conclusory statements in a § 2255 motion are not enough to require a hearing." United States v. Johnson, 988 F.2d 941, 945 (9th Cir. 1993). Because the parties' memoranda and the records of the underlying criminal conviction conclusively show that Petitioner is not entitled to the relief she seeks, the Court finds that an evidentiary hearing is not necessary. Moore, 921 F.2d at 211.

**D. Certificate of Appealability**

A petitioner seeking post-conviction relief under § 2255 may appeal a district court's dismissal of his federal petition only after obtaining a certificate of appealability from a district or circuit court. A certificate of appealability may issue only where a petitioner has made " a substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(3). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003). Under this standard, the Court concludes that Petitioner is not entitled to a certificate of appealability with respect to any of the claims in her § 2255 motion.

## IV. CONCLUSION

For all of the foregoing reasons, Petitioner's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (Dkt. # 1) is DENIED. The Court declines to

ORDER DENYING MOTION TO VACATE,
SET ASIDE, OR CORRECT SENTENCE
UNDER 28 U.S.C. § 2255 - 10

1   issue a certificate of appealability.

2

3         DATED this 21st day of May, 2014.

4

5

6                           Robert S. Lasnik

7                           United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26   ORDER DENYING MOTION TO VACATE,
    SET ASIDE, OR CORRECT SENTENCE
    UNDER 28 U.S.C. § 2255 - 11